NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  DANIEL EVERETT,<br><br>             Debtor.<br>_____<br><br>DANIEL EVERETT,<br><br>             Plaintiff-Appellant,<br><br>  v.<br><br>PAUL BOSCHETTI,<br><br>             Defendant-Appellee. | No. 15-17203<br><br>D.C. No. 4:14-cv-03873-CW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Daniel Everett appeals pro se from the district court's judgment affirming

the bankruptcy court's order denying Everett's "motion for damages and voiding

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

of judgments for violation of automatic stay." We have jurisdiction under 28 U.S.C. § 158(d). We review de novo a district court's decision on appeal from a bankruptcy court, and apply the same standard of review the district court applied to the bankruptcy court's decision. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). We affirm.

The bankruptcy court properly denied Everett's motion because Everett failed to show that the entry of stipulated judgment in accordance with the parties' settlement agreement or payment of his state court initial appearance fee was outside the scope of the order granting relief from the automatic stay. *See Griffin v. Wardrobe (In re Wardrobe)*, 559 F.3d 932, 936-37 (9th Cir. 2009) (order granting relief from the automatic stay is effective as to claims pending in the state court at the time).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Mano-Y & M, Ltd. v. Field (In re Mortg. Store, Inc.)*, 773 F.3d 990, 998 (9th Cir. 2014); *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-17203